UNITED STATES DISTRICT  COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

VIVIAN CAMPBELL

                                 Plaintiff,

- against -

AMSTER ROTHSTEIN & EBENSTEIN, LLP,
and DANIEL EBENSTEIN,

                              Defendants.

--------------------------------------------------------------------X

**COMPLAINT**

**1:20 - CV - 3193**
**TRIAL BY**
**JURY DEMANDED**

Vivian Campbell, by her attorneys, Bennett & Associates, as and for her Complaint, hereby alleges as follows: **THE PARTIES**

1      Plaintiff, Vivian Campbell, (hereinafter "Campbell"), at all times relevant herein, was and is an individual with a place of residence at 170 Avenue C, #13C, New York, NY 10009,

2.     Defendant Amster Rothstein & Ebenstein (hereinafter "Amster"), upon information and belief at all times relevant herein, was and is authorized to do business in the State of New York with a principal place for the transactions of business located at 90 Park Avenue, New York, NY, 10016.

3.     Defendant Daniel Ebenstein (hereinafter "Ebenstein"), upon information and belief, at all times relevant herein, was and is an attorney and owner duly admitted to practice law in the State of New York, an individual with an office for the transaction of business and a registered attorney address located at 90 Park Avenue, New York, NY 10016.

4. Defendant Amster employs Sarah Field, Office Supervisor, who was one of the decision makers, who, on behalf of Amster, made the decision to terminate Campbell.

5. Campbell is an African-American black female born on December 16, 1959, who was formerly employed by Amster in their New York, NY offices as a legal secretary. Campbell received a AAS degree in Secretarial Science from the Borough of Manhattan Community College.

6. Defendant Amster is a law firm and is an "employer", within the meaning of 42 U.S.C Section 2000e(f), employing at least (15) employees at all relevant times.

7. Amster, Rothstein and Ebenstein, individually (Ebenstein) and on behalf of Amster, transacted business and have committed torts and acts of discrimination against Campbell in the State of New York.

8. Daniel Ebenstein, upon information and belief, is an owner and/or principal of Amster.

9. Daniel Ebenstein as a principal, supervisor and/or decision maker of Amster; had the power and authority to order, control and direct Campbell in the performance of her duties at Amster.

## JURISDICTION

10. This Court has original jurisdiction of this action pursuant to 28 U.S.C. Section 1331, upon the grounds that this is a civil action concerning a federal question under the Constitution, laws or treaties of the United States.

2

11.     This Court has supplemental jurisdiction over all other claims in this action pursuant to 28 U.S.C. Section 1367, upon the grounds that they are so related to claims in the action within such original jurisdiction that they form a part of the same case or controversy.

12.     This Court has personal jurisdiction over the defendants pursuant to New York Civil Practice Law and Rules Sections 301 and 302 and N.Y. Executive Law Section 298-a [1].

## VENUE

13.     Venue in the United States District Court, Southern District of New York is predicated upon 28 U.S.C.  Section 1391(a).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14.     On or about July 24, 2019, Plaintiff filed a "dual charge" of inter alia, age and race/ color discrimination, discrimination /retaliation in violation of N.Y. Exec Law Art. 15 ("Human Rights Law") under the New York State Division of Human Rights ("NYSDHR") Case No. 10202822 and United States Equal Employment Opportunity Commission ("EEOC") Charge No. 16GB904428.

15.     On August 14, 2019, the NYSDHR dismissed the charge for administrative convenience to permit plaintiff to bring suit as if no complaint had been filed.

16.     On January 24, 2020 the EEOC issued a right to sue letter to permit the charging party to pursue the matter in Federal Court.

17.     All administrative prerequisites to the filing and institution of this action have been satisfied.

3

## AS AND FOR A FIRST CLAIM FOR RELIEF

### (Employment Discrimination on the basis of race pursuant to 42 U.S.C. Sections 2000e et seq. against Amster, Amster and Ebenstein)

18.    Campbell repeats and realleges each and every allegation set forth in paragraphs "1" through "17" of the Complaint, as if the same were more fully set forth at length herein.

19.    In 2004, Campbell was hired by Amster as a legal secretary at its 90 Park Avenue, New York, NY location.

20.    Campbell devoted her professional career to the legal field as a legal secretary.

21.    Throughout her fourteen years with Amster, Amster provided Campbell with favorable annual reviews; and increases in most years in salary and bonuses.

22.    Campbell's job description and essential responsibilities required her to handle various filings and matters related to the firm's patent practice.

23.    In the early part of 2018, Campbell was asked and required to do certain menial tasks, outside of her job description as a legal secretary by the office manager, Sarah Field, a Caucasian Female.

24.    Campbell believed she was singled out for the assignment to perform these menial tasks by Office Manager Field because she is African-American.

25.    No similarly situated Caucasian employees were asked to perform these menial tasks.

4

26. Amster is engaged in interstate commerce, has more than 50 employees and is an employer for purposes of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Sections 2000e to 2000e-17.

27. Ebenstein was a person with the ability, power and authority to control and direct Campbell in the performance of her work at Amster and is an employer of Campbell for purposes of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Sections 2000e to 2000e-17.

28. Campbell was a full-time employee of Amster for purposes of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Sections 2000e to 2000e-17.

29. Campbell is a black African-American female and is a member of the protected class.

30. Campbell was qualified for employment in her position with Amster, held a AAS degree in Secretarial Science from the Borough of Manhattan Community College, and was experienced in her position as a legal secretary.

31. Campbell suffered an adverse employment action and was constructively terminated from her employment with Amster on or about July 30, 2018.

32. Amster and Ebenstein's unlawful termination of Campbell was with discriminatory motivation and predicated upon Campbell's race in violation of Title VII of the Civil Rights Act and 42 U.S.C. Sections 2000e to 2000e-17.

33. Amster's and Ebenstein's constructive termination of Campbell upon the alleged grounds of a reduction in force is a pretext.

34.     Amster and Ebenstein replaced all or substantially all of Campbell's job duties and functions with workers outside of the protected class and by those who were not black.

35.     Amster and Ebenstein replaced all or substantially all of Campbell's job duties and functions with workers that were less qualified than Campbell.

36.     Amster and Ebenstein intentionally discriminated and unlawfully terminated Campbell on the basis of her race and because she was black.

37.     By reason of the foregoing, Campbell has been damaged in an amount to be determined by the trier of fact, but not less than $1,000,000 together with interest and reasonable attorneys' fees.

## AS AND FOR A SECOND CLAIM FOR RELIEF

### (Employment Discrimination on the basis of race pursuant to N.Y. Executive Law 290-297 against Amster and Ebenstein)

38.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "37" of the Complaint, as if the same were more fully set forth at length herein.

39.     Amster is an employer for purposes of the New York State Human Rights Law, N.Y. Exec. Law Sections 290 to 297.

40.     Campbell was an employee of Amster for purposes of the New York State Human Rights Law, N.Y. Exec. Law Sections 290 to 297.

41.     Campbell was qualified for employment in her position with Amster.

42.     Campbell   suffered   an   adverse   employment   action   and   was constructively terminated from her employment with Amster.

43.     Amster, and Ebenstein's unlawful termination of Campbell was with discriminatory motivation and predicated upon Campbell's race in violation of New York State Human Rights Law, N.Y. Exec. Law Sections 290 to 297.

44.     Amster and Ebenstein intentionally discriminated and unlawfully terminated Campbell on the basis of race.

45.     By reason of the foregoing, Campbell has been damaged in an amount to be determined by the trier of fact, but not less than $1,000,000, together with interest and reasonable attorneys' fees.

## AS AND FOR A THIRD CLAIM FOR RELIEF

### (Employment Discrimination on the basis of age pursuant to 29 U.S.C. Sec. 621 to 634 against Amster; Ebenstein)

46.     Campbell repeats and realleges each and every allegation set forth in paragraphs "1" through "45" of the Complaint, as if the same were more fully set forth at length herein.

47.     Amster is engaged in interstate commerce, has more than 15 employees and is an employer for purposes of the Age Discrimination in Employment Act of 1967, 29 U.S.C. Sections 621 to 634.

48.     Amster, and Ebenstein had the ability, power and authority to control and direct Campbell in the performance of her work at Amster and is an employer of Amster for purposes of 29 U.S.C. Sections 621 to 634.

49.     Campbell was an employee of Amster for purposes of the Age Discrimination in Employment Act of 1967, 29 U.S.C. Sections 621 to 634.

50.     Campbell is a member of the protected class and was born on December 16, 1959.

7

51. Campbell was qualified for her position with Amster.

52. Campbell suffered an adverse employment action and was constructively terminated from her employment with Amster by notice on July 30, 2018.

53. Amster's and Ebenstein's unlawful termination of Campbell was with discriminatory motivation and intent, and predicated upon Campbell's age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. Sections 621 to 634.

54. Amster's and Ebenstein's termination of Campbell upon the alleged grounds of a layoff is a pretext.

55. The facts and circumstances of Campbell's termination demonstrates Amster's and Ebenstein's discriminatory intent and motivation. Amster failed to make an analysis with regard to their alleged layoff's impact upon older employees and employees in protected classes under the law.

56. Amster and Ebenstein replaced all or substantially all of Campbell's job duties and functions with younger employees.

57. Amster and Ebenstein replaced all or substantially all of Campbell's job duties and functions with workers that were less qualified than Campbell.

58. Amster and Ebenstein intentionally discriminated and unlawfully terminated Campbell on the basis of his age.

59. By reason of the foregoing, Campbell has been damaged in an amount to be determined by the trier of fact, but not less than the sum of $1,000,000, together with interest and reasonable attorneys' fees.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

### (Employment Discrimination on the basis of age pursuant to N.Y. Executive Law 290 to 297 against Amster and Ebenstein)

60.     Campbell repeats and realleges each and every allegation set forth in paragraphs "1" through "59" of the Complaint as if the same were more fully set forth at length herein.

61.     Amster is engaged in interstate commerce, has more than 15 employees and is an employer for purposes of the N.Y. Executive Law.

62.     Amster and Ebenstein had the ability, power and authority to control and direct Campbell in the performance of her work at Amster; and is an employer for purposes of N.Y. Executive Law.

63.     Campbell was an employee of Amster for purposes of the NY Executive Law.

64.     Campbell is a member of the protected class and was born on December 16, 1959.

65.     Campbell was qualified for her position with Amster.

66.     Campbell suffered an adverse employment action and was constructively terminated from her employment with Amster on July 30, 2018.

67.     Amster's and Ebenstein's unlawful termination of Campbell was with discriminatory motivation and intent, and predicated upon Campbell's age in violation of the N.Y. Executive Law.

68.     Amster and Ebenstein intentionally discriminated and unlawfully terminated Campbell on the basis of her age.

9

69.    By reason of the foregoing, Campbell has been damaged in an amount to be determined by the trier of fact, but not less than the sum of $1,000,000, together with interest and reasonable attorneys' fees.

## AS AND FOR A FIFTH CLAIM FOR RELIEF

### (Aiding and Abetting Employment Discrimination on the basis of race pursuant to N.Y. Executive Law against Campbell)

70.    Campbell repeats and realleges each and every allegation set forth in paragraphs "1" through "69" of the Complaint, as if the same were more fully set forth at length herein.

71.    Sarah Field is an individual employed by Amster in a supervisory capacity, and participated in, and perpetrated the discriminatory conduct giving rise to Campbell's claim of racial discrimination pursuant to NY Exec. Law 296 et seq.

72.    Amster and Ebenstein aided and abetted Amster's violation of Campbell's' rights under N.Y. Exec. Law Section 296 and Amster's constructive termination of Campbell's employment on the basis of race.

73.    Amster and Ebenstein condoned, approved and ratified the discriminatory conduct, acts and intent of Amster, and Ebenstein and their constructive termination of Campbell on the basis of race.

74.    Campbell has suffered an adverse employment action and was constructively terminated from her employment with Amster.

75.    Campbell has suffered damages in an amount to be determined by the trier of fact, but not less than the sum of $1,000,000, together with interest thereon and reasonable attorneys' fees.

## AS AND FOR A SIXTH CLAIM FOR RELIEF

### (Aiding and Abetting Employment Discrimination on the basis of Age pursuant to N.Y. Executive Law against Ebenstein)

76.    Campbell repeats and realleges each and every allegation set forth in paragraphs "1" through "75" of the Complaint, as if the same were more fully set forth at length herein.

77.    Ebenstein is an individual who is employed by Amster in a supervisory capacity; and who actually participated in, and perpetrated the discriminatory conduct giving rise to Campbell's claim of racial discrimination pursuant to NY Exec. Law 296 et seq.

78.    Ebenstein, aided and abetted Amster's' violation of Campbell's rights under N.Y. Exec. Law Section 296 and Amster's termination of Campbell's employment on the basis of age.

79.    Amster condoned, approved and ratified the discriminatory conduct, acts and intent of Field, and Ebenstein, and their termination of Campbell on the basis of age.

80.    Campbell has suffered an adverse employment action and was constructively terminated from employment with Amster.

81.    Campbell has suffered damages in an amount to be determined by the trier of fact, but not less than the sum of $1,000,000, together with interest thereon and reasonable attorneys' fees.

WHEREFORE, plaintiff demands judgment against the defendants as follows:

11

a)      On the First Claim for Relief, a judgment against Amster and Ebenstein, in an amount to be determined by the trier of fact, but not less than the sum of $1,000,000, together with interest and reasonable attorneys' fees;

b)      On the Second Claim for Relief, a judgment against Amster and Ebenstein, in an amount to be determined by the trier of fact, but not less than the sum of $1,000,000, together with interest and reasonable attorneys' fees;

c)      On the Third Claim for Relief, a judgment against Amster and Ebenstein, in an amount to be determined by the trier of fact, but not less than the sum of $1,000,000, together with interest and reasonable attorneys' fees;

d)      On the Fourth Claim for Relief, a judgment against Amster and Ebenstein, in an amount to be determined by the trier of fact, but not less than the sum of $1,000,000, together with interest and reasonable attorneys' fees;

e)      On the Fifth Claim for Relief, a judgment against Amster and Ebenstein, in an amount to be determined by the trier of fact, but not less than the sum of $1,000,000, together with interest and reasonable attorneys' fees;

f)      On the Sixth Claim for Relief, a judgment against Amster and Ebenstein, in an amount to be determined by the trier of fact, but not less than the sum of $1,000,000, together with interest and reasonable attorneys' fees; and

g)      Such other, further and different relief as this Court may deem just and proper in the circumstances and the costs, disbursements and attorneys' fees of this action.

Dated: April 15, 2020


Respectfully submitted this ²¹ˢᵗ Day of April, 2020.

Theodore Bennett

Bennett & Associates
230 Park Avenue
71 Vanderbilt Avenue, 3rd Floor
New York, NY 10169
(212) 309-8734 (Office)
(248) 705-9156 (Cell)
tbennett@balawfirm.com


Attorneys for Plaintiff

13