NEW YORK STATE
DIVISION OF HUMAN RIGHTS

----

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

VIVIAN CAMPBELL,
                              Complainant,
            v.

AMSTER ROTHSTEIN & EBENSTEIN, LLP,
                              Respondent.

----

VERIFIED COMPLAINT
Pursuant to Executive Law,
Article 15

Case No.
**10202822**

Federal Charge No. 16GB904428

    I, Vivian Campbell, residing at 170 Avenue C, #13C, New York, NY, 10009, charge the above-named respondent, whose address is 90 Park Avenue, New York, NY, 10016 with an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of age, race/color, opposed discrimination/retaliation.

    Date most recent or continuing discrimination took place is 7/30/2018.

    The allegations are:

1.    I am African American, 59 years of age (D.O.B 12/16/59) and I have Opposed Discrimination. Because of this, I have been subject to unlawful discriminatory actions.

### SEE ATTACHED

Based on the foregoing, I charge respondent with an unlawful discriminatory practice relating to employment because of age, race/color, opposed discrimination/retaliation, in violation of the New York State Human Rights Law (Executive Law, Article 15), Section 296.





I am an African-American black female, born on December 16, 1959 and am currently 59 years old. I am a currently pursuing a Master's in Divinity degree at The New Brunswick Theological Seminary.

I have devoted my professional career to the legal field as a legal secretary, working the past fourteen years primarily in the patent department for the law firm of Amster, Rothstein & Eberstein, LLP, hereinafter "Amster".

I was hired by Amster in 2004 as a legal secretary. My annual reviews were all favorable and often received year-end bonuses and increases in salary.

My position was based in New York, New York and my job description and essential duties required me to handle various filings and matters primarily related to the firm's patent practice.

In late July of 2018, Amster unlawfully terminated my employment. I previously notified the Office Manager, Sarah Field, in early July 2018 saying I felt that I had been singled out because of my race (African-American) and asked to perform certain menial tasks that other Caucasian employees similarly situated were not asked to do and inquired as to how to file a formal complaint in order to have this matter resolved. Within a few weeks of my conversation with the office manager in July 2018, I was summoned into the conference room and told that I was now included in a group of individuals who were now being laid off from the Firm, effective July 30, 2018. This action completely blindsided me, as it was indicated said reduction was due to "budget cuts." I was at a loss to understand why my position was eliminated due to alleged budget cuts; especially since my position was replaced by a younger employee under the age of forty. I believe the layoff was a pretextual, as employees laid off were disproportionately African-American employees who were over the age of forty. I also believe Amster did not perform the necessary discrimination test to determine if there was a disparate impact to those employees, such as myself, who were laid off. I also believe this action (my layoff) was in retaliation for my lodging a complaint with Office Manager Field for the disparate treatment, which I believe was motivated due to the fact that I am an African-American female.

Amster has had a policy of systematically terminating older, higher paid workers and replacing them with younger workers. Amster also has a predominantly Caucasian legal secretary work group and prefers that ethnic makeup over blacks.

Amster, together with Ebenstein, Rothstein, and Sarah Field as owners, decision makers and/or supervisors, and in an effort to aid and abet Amster and carry out its unlawful policy of purging older workers, terminated me because of my age, race and color pursuant to 29 USC § 621 et seq; 42 USC § 2000(e) and New York Executive Law § 296(1)(a); and further, in retaliation because I complained about discriminatory action.

With respect to my claim against Amster under 29 USC § 621, I am a member of a protected class and am 59 years old. I am qualified to hold my position and have performed it

successfully and was terminated from my employment upon the basis of my age and was replaced by someone younger giving an inference of discrimination.

With respect to my claim against Amster under 42 USC § 2000(e) et. Seq., I am a member of the protected class and an African American Black female. I am qualified to hold the position at Amster and have performed it successfully. I was terminated from my employment due to my race and color, under false circumstances and for reasons given an inference of discrimination.

With respect to my claim under 296(1) (a) against Amster, I am a protected class and am 59 years old. I am qualified to hold my position and have performed it successfully and was terminated from employment upon the basis of my age and was replaced by someone younger giving an inference of discrimination.

With respect to my claim against Amster under 296(1)(a) and 296(6); Ebenstein, Rothstein, and Sarah Field either have an ownership interest in Amster, are supervisors or managers with significant personnel decision making authority and/or co-workers who participated in the age, race and color discrimination against me, and sided with and abetted Amster in its unlawful conduct.

_____  7/19/2019
Vivian Campbell

STATE OF NEW YORK
COUNTY OF NEW YORK
SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE BY
Vivian Campbell THIS THE 19 DAY
OF July 2019 TO CERTIFY WHICH WITNESS
MY HAND & SEAL OF OFFICE.
_____
NOTARY PUBLIC /COMMISSIONER OF DEEDS

Rosemarie C. Vargas
Commissioner of Deeds  City of New York
No. 1-10085  Expiration Jan 1, 2020
Certificate filed in New York County

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>New York District Office<br>33 Whitehall Street, 5th Floor<br>New York, New York 10004-2112<br><br>TO:<br>Amster Rothstein & Ebenstein, LLP<br>Attn: Human Resources Dept.<br>90 Park Avenue<br>New York, NY 10016 | PERSON FILING CHARGE:<br>   Vivian Campbell<br>THIS PERSON (Check one):<br>   Claims to be aggrieved [x]<br>   Files on behalf of other(s) [ ]<br>DATE OF ALLEGED VIOLATION:<br>   7/30/2018<br>PLACE OF ALLEGED VIOLATION:<br>   New York County<br>EEOC CHARGE NUMBER:<br>   16GB904428<br>FEPA CHARGE NUMBER:<br>   10202822 |

NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY PROCESS

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

   [X] Title VII of the Civil Rights Act of 1964
   [X] The Age Discrimination in Employment Act of 1967 (ADEA)
   [ ] The Americans with Disabilities Act (ADA)

HAS BEEN RECEIVED BY: The New York State Division of Human Rights (FEP Agency) and sent to the EEOC for dual filing purposes.

While the EEOC has jurisdiction (upon expiration of any deferral requirements if this I a Title VII or ADA charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the FEP Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the FEP Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the FEP Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final decision and order of the above named FEP Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's issuing a final finding and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission.

For further correspondence on this matter, please use the charge number(s) shown.

[ ]    An Equal Pay Act investigation (29 U.S.C. §206(d)) will be conducted by the Commission concurrently with the FEP Agency's investigation of the charge.

[X]    Enclosure: Copy of the Charge

BASIS FOR DISCRIMINATION: Age, Race/Color, Opposed Discrimination/Retaliation

CIRCUMSTANCES OF ALLEGED VIOLATION:
   SEE ATTACHED N.Y.S. DIVISION OF HUMAN RIGHTS COMPLAINT

DATE: July 25, 2019

                                               TYPED NAME OF AUTHORIZED EEOC OFFICIAL:
                                               Kevin J. Berry

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

Vivian Campbell
170 Avenue C, #13C
New York, NY 10009

EEOC Charge Number: 16GB904428
NYSDHR Case Number: 10202822

### NOTICE

This office has been informed that you filed a complaint of employment discrimination with the New York State Division of Human Rights (NYSDHR). The purpose of this notice is to inform you of your federal rights pursuant to one or more of the statutes under which you may have filed. Please be advised that your complaint will be investigated by the New York State Division of Human Rights, not the Federal Equal Employment Opportunity Commission (EEOC). All questions, correspondence and status reports with regard to your case must be directed to the New York State Division of Human Rights office where your complaint was filed.

**YOUR FEDERAL RIGHTS** (if you filed under):

- [X] Title VII of the Civil Rights Act of 1964, as amended — If you want to file a private lawsuit in federal district court with your own private attorney because you do not want the New York State Division of Human Rights to conduct an investigation, you may request from the EEOC a Notice of Right to Sue, 180 days after you have filed your complaint. Once the EEOC grants your request, it is only valid for ninety (90) days from the date the Notice was issued, after which your time to sue expires. If you want the New York State Division of Human Rights to conduct an investigation, you do not need to make this request, or to contact or write either agency. The New York State Division of Human Rights will contact you and/or advise you in the near future of their investigation and determination findings.

- [ ] The Americans with Disabilities Act of 1990 (ADA) — Same as Title VII, above.

- [X] The Age Discrimination in Employment Act of 1967, as amended (ADEA) — If you want to file a private lawsuit with your own private attorney, you could do so any time after 60 days from the date you filed your complaint with the New York State Division of Human Rights. This is only if you do not want the New York State Division of Human Rights to conduct an investigation, otherwise you do not need to do anything at this time. The New York State Division of Human Rights will contact you and/or advise you in the near future of their investigation and determination findings.

Date: July 25, 2019

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

### EEOC REVIEW PROCEDURE

If you want the EEOC to review the New York State Division of Human Rights final determination, because you are not satisfied with their final findings, you may request that the EEOC conduct a substantial weight review. This request must be done in writing to the EEOC and within fifteen (15) days from the date you received the New York State Division of Human Rights final determination. Otherwise, we will adopt the state findings.

You review request must specify the reason(s) why you do not agree with the New York State Division of Human Rights final determination.

Mail your request for substantial weight review to:

> Equal Employment Opportunity Commission
> Attn: State and Local Unit
> 33 Whitehall Street, 5th Floor
> New York, New York 10004-2112

This address is for review purposes only. Remember, if you have questions concerning the status of your case, you must contact the New York State Division of Human Rights.

Date: July 25, 2019

cc:  Theodore Bennett, Esq.
     Bennett & Associates
     230 Park Avenue, Suite 1000
     New York, NY 10169

Page 2



## Division of Human Rights

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

VIVIAN CAMPBELL,
                                    Complainant,
              v.

AMSTER ROTHSTEIN & EBENSTEIN, LLP,
                                    Respondent.

Federal Charge No. 16GB904428

DETERMINATION AND
ORDER OF DISMISSAL FOR
ADMINISTRATIVE
CONVENIENCE

Case No.
10202822

On 7/24/2019, Vivian Campbell filed a verified complaint with the New York State Division of Human Rights ("Division") charging the above-named respondent with an unlawful discriminatory practice relating to employment because of age, race/color, opposed discrimination/retaliation in violation of N.Y. Exec Law, art. 15 ("Human Rights Law").

Pursuant to Section 297.3 of the Human Rights Law, the Division finds that noticing the complaint for hearing would be undesirable and the complaint, therefore, is ordered dismissed on the grounds of administrative convenience for the following reason(s):

The Complainant intends to pursue federal remedies in court, in which forum all the issues concerning the question of discrimination charged can be resolved.

Section 297.9 of the Human Rights Law provides that:

... where the Division has dismissed such complaint on the grounds of the administrative convenience, ... such person shall maintain all rights to bring suit as if no complaint had been filed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition <u>within sixty (60) days after service of this Determination</u>. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human

Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Your charge was also filed under the Age Discrimination in Employment Act (ADEA). Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112. Otherwise, EEOC will generally adopt our action in your case.

Dated: AUG 1 4 2019
New York, New York

STATE DIVISION OF HUMAN RIGHTS

By: *David E. Powell*
David E. Powell
Regional Director

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Vivian Campbell<br>170 Avenue C<br>Apt #13C<br>New York, NY 10009 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2019-04428 | Holly M. Shabazz,<br>State & Local Program Manager | (929) 506-5316 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒ Other (briefly state)    Charging Party wishes to pursue matter in Federal District Court

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission,

_Judy A. Keenan_ (signature)

Judy A. Keenan,
District Director

January 24 2020
(Date Mailed)

Enclosures(s)

cc:   **BENNETT & ASSOCIATES**
Attn: Theodore Bennett - Esq
230 Park Avenue
Suite 1000
New York, NY 10169

**EUSTACE MARQUEZ EPSTEIN ET AL**
Attn: Anthony J Tomari - Esq
55 Water Street
28th Floor
New York, NY 10041